# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY BUTLER, <br> LATRISHA GANG, <br> JANICE KELLY, <br> PARIS LAWRENCE, <br> MARKISHA LEWIS, <br> TODD RUSSELL, <br> SHARON TAYLOR, <br><br>           Plaintiffs, <br><br> vs. <br><br> SOURCE UNLIMITED, INC., and <br> MARVETTA K. VAUGHNS, an <br> individual, <br><br>           Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. CIV-10-572-M <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is defendants' Motion to Dismiss Amended Complaint, filed July 29, 2010. On August 18, 2010, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs filed the instant action against defendants alleging the following claims: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, et seq.; (2) failure to pay wages earned within eleven days after earning as prohibited by Okla. Stat. tit. 40, § 165.1, et seq.; (3) retaliation in violation of 29 U.S.C. §§ 215, et seq.; and (4) retaliation in violation of Oklahoma's public policy. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction. Specifically, defendants assert that this Court does not have subject matter jurisdiction because defendants do not fall under the FLSA because they are not engaged in interstate commerce.

Defendants' assertion fails, however, because whether defendants are engaged in interstate commerce is not a jurisdictional issue but is an element of plaintiffs' FLSA claim. As the United States Supreme Court has noted: "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (internal quotations and citation omitted). To mitigate this confusion, the Supreme Court provided clear guidance for distinguishing between the two concepts:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, the courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character.

*Id.* at 515-16 (internal citation omitted).

The FLSA's jurisdictional provision empowers "any Federal or State court of competent jurisdiction" to hear an employee's claim for relief. 29 U.S.C. § 216(b). The FLSA, however, places the "engaged in interstate commerce" requirement in the definitions section of the Act and does not suggest that the "engaged in interstate commerce" requirement is jurisdictional. Accordingly, having reviewed the parties' submissions and applying the Supreme Court's readily administrable bright line test to this case, the Court finds that the "engaged in interstate commerce" requirement should be treated as an element of plaintiffs' FLSA claim and not a jurisdictional issue and this action should not be dismissed for lack of subject matter jurisdiction.

Therefore, for the reasons set forth above, the Court DENIES defendants' Motion to Dismiss Amended Complaint [docket no. 12].

**IT IS SO ORDERED this 2nd day of September, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE