**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICKEY BUTLER, | ) | |
| LATRISHA GANG, | ) | |
| JANICE KELLY, | ) | |
| PARIS LAWRENCE, | ) | |
| MARKISHA LEWIS, | ) | |
| TODD RUSSELL, | ) | |
| SHARON TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-572-M |
| | ) | |
| SOURCE UNLIMITED, INC., and | ) | |
| MARVETTA K. VAUGHNS, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is plaintiffs' Motion to Strike with Authority, filed October 12, 2010. On November 2, 2010, defendants filed their response, and on November 9, 2010, plaintiffs filed their reply.

Plaintiffs filed their Complaint on June 1, 2010 and filed an Amended Complaint on July 9, 2010, alleging defendants failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, et seq., failed to pay wages earned within eleven days after earning as prohibited by Okla. Stat. tit. 40, §§ 165.1, et seq., and retaliated (including termination) in violation of 29 U.S.C. §§ 215, et seq. and Oklahoma's public policy. On September 21, 2010, defendants filed their Answer.

In their Answer, defendants list eleven "Defenses and Affirmative Defenses". Plaintiffs now move to strike the following four defenses as factually or legally deficient:

(1)     Any claim of Plaintiffs would be barred by the doctrines of ratification, license, waiver, laches and or estoppel.  Answer at ¶ 62.

(2)     Plaintiffs have failed to exhaust administrative remedies.  Answer at ¶ 63.

(3)     Defendants assert any defenses available under Oklahoma contract law or other applicable law.  Answer at ¶ 65.

(4)     Defendants further assert and rely upon all proper defenses lawfully available that may be disclosed by evidence.  Answer at ¶ 70.

In their response, defendants voluntarily withdraw paragraphs 65 and 70 of their Answer. Accordingly, the only defenses remaining at issue are those asserted in paragraphs 62 and 63 of defendants' Answer.

Federal Rule of Civil Procedure 12(f) provides: "[t]he court may strike from a pleading an insufficient defense . . . ."  In their response, defendants assert that the above-referenced defenses have been pled sufficiently.  Further, defendants contend that the *Twombly*[1] pleading standard is not applicable to their defenses.

The Courts of the Western District of Oklahoma have taken various positions concerning whether the pleading standard set forth in *Twombly* extends to affirmative defenses when considering motions to strike.  This Court, as well as the Honorable David L. Russell, has ruled that the *Twombly* pleading standard applies to affirmative defenses, specifically finding:

> Unless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of Rule 8, F.R.Civ.P. and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as explicated with respect to claims, only, in *Bryson v. Gonzales*, 534 F.3d 1282, 1286-87 (10th Cir. 2008).  Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.*, where the claim asserted is clearly barred

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

> by the applicable statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.

*Burget v. Capital West Sec., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619, at \*2 (W.D. Okla. December 8, 2009); *Morhiser v. CSC Applied Tech., L.L.C.*, Case No. CIV-08-1341-M, slip opinion at 3-4 (W.D. Okla. April 2, 2009); *Gibson v. Officemax, Inc.*, Case No. CIV-08-1289-R, slip opinion at 2 (W.D. Okla. Jan. 30, 2009). Accordingly, this Court will apply the *Twombly* pleading standard to the affirmative defenses at issue.

Having carefully reviewed defendants' Answer, the Court finds that defendants have not alleged a sufficient factual basis or bases for their affirmative defenses set forth in paragraphs 62 and 63 of their Answer to show that the defenses are plausibly viable on their face or sufficient factual matter from which this Court can infer potential viability. Accordingly, the Court finds that said affirmative defenses should be stricken.

For the reasons set forth above, the Court GRANTS plaintiffs' Motion to Strike with Authority [docket no. 18] and STRIKES those affirmative defenses set forth in paragraphs 62 and 63 of defendants' Answer. The Court would further note that defendants have WITHDRAWN the affirmative defenses set forth in paragraphs 65 and 70 of their Answer. Finally, in their response, defendants request that if said affirmative defenses are stricken, that this be done without prejudice

to permit them to again be raised as discovery reveals additional information for their support. The Court GRANTS said request.

**IT IS SO ORDERED this 17th day of November, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE